UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA GOMEZ, #714409,

    Plaintiff,

v.                                CASE NO. 2:18-CV-14080
                                  HONORABLE DENISE PAGE HOOD

JODI DEANGELO, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

**I.    Introduction**

    Michigan prisoner Joshua Gomez ("Plaintiff"), currently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was forcibly medicated and subject to excessive force and assault in violation of his constitutional rights, including his due process and religious rights, while he was confined at the Woodland Correctional Facility in Whitmore Lake, Michigan in May, 2017. Plaintiff names numerous Michigan Department of Corrections employees and Jane/John Does as defendants in this action (although some of the Jane/John Does appear to overlap) and sues them in their personal and official capacities. Plaintiff seeks injunctive relief, monetary damages, a declaratory judgment, and any other appropriate relief. The

Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the complaint, the Court now dismisses it in part for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed.

R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional.

3

*Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With the foregoing standards in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal in part.

First, Plaintiff's claims against defendants deputy warden Parish, prison affairs administrator Richard Russell, grievance coordinator M. Girard, psychologist John Macari, social worker Mara Tretry, unit chief R. McGarrity, social worker Gianetta Feistel, nurse R. Harbaugh, nurse supervisor Jane Doe, health unit manager Jane Doe, corrections officer K. Bogins, and nurse supervisor John Doe must be dismissed because Plaintiff fails to make factual allegations against them demonstrating their personal involvement in the alleged improper forced medication incidents giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to the foregoing defendants.

Any assertion that those defendants failed to supervise an employee, should be

vicariously liable for an employee's conduct, erred in denying grievances, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Moreover, to the extent that Plaintiff asserts that one or more of the defendants violated his constitutional rights by denying his grievances, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected

5

interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report). Plaintiff's claims against the foregoing defendants must therefore be dismissed.

Plaintiff's complaint against the defendants must also be dismissed in part on the basis of immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits,

whether for injunctive, declaratory or monetary relief" against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are employees of the Michigan Department of Corrections and are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

Lastly, the Court finds that Plaintiff's claims against the remaining defendants, warden Jodi DeAngelo, nurse Jane Doe, captain John Doe, lieutenant John Doe, sergeant John Doe, corrections officers Mike Purtilar, David Hermans, Joel Herndon, Jericho Boyd, J. Anthony, E. Banks, S. Haystings, E. Kimberly, and John Does #1-8, and treatment team members #1-12, arising from the alleged forced medication incidents are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail, he has pleaded sufficient facts to state potential claims for relief against those defendants.

### III. <u>Conclusion</u>

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to

state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint as to defendants deputy warden Parish, prison affairs administrator Richard Russell, grievance coordinator M. Girard, psychologist John Macari, social worker Mara Tretry, unit chief R. McGarrity, social worker Gianetta Feistel, nurse R. Harbaugh, nurse supervisor Jane Doe, health unit manager Jane Doe, corrections officer K. Bogins, and nurse supervisor John Doe.

Accordingly,

IT IS ORDERED that the following defendants are **DISMISSED WITH PREJUDICE: 1) deputy warden Parish; 2) prison affairs administrator Richard Russell; 3) grievance coordinator M. Girard; 4) psychologist John Macari; 5) social worker Mara Tretry; 6) unit chief R. McGarrity; 7) social worker Gianetta Feistel; 8) nurse R. Harbaugh; 9) nurse supervisor Jane Doe; 10) health unit manager Jane Doe; 11) corrections officer K. Bogins; and 12) nurse supervisor John Doe.** The remaining defendants are not subject to summary dismissal: warden Jodi DeAngelo, nurse Jane Doe, captain John Doe, lieutenant John Doe, sergeant John Doe, corrections officers Mike Purtilar, David Hermans, Joel Herndon, Jericho Boyd, J. Anthony, E. Banks, S. Haystings, E. Kimberly, and John Does #1-8, and treatment team members #1-12.

IT IS FURTHER ORDERED that all of the defendants (dismissed and remaining) are entitled to Eleventh Amendment immunity. The Court **DISMISSES**

the monetary damages claims against the defendants in their official capacities.

IT IS FURTHER ORDERED that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Denise Page Hood  
DENISE PAGE HOOD  
CHIEF U.S. DISTRICT JUDGE

Dated: March 27, 2019