UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA GOMEZ, | Civil Action No.: 18-14080 |
| | Honorable Denise Page Hood |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| JODI DEANGELO, *et al.*, | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH
<u>PREJUDICE FOR FAILURE TO PROSECUTE</u>**

**I.    Introduction and Background**

Plaintiff Joshua Gomez filed his complaint against several Michigan Department of Corrections (MDOC) officials in December 2018. [ECF No. 1]. Chief District Judge Denise Page Hood issued a partial dismissal of Gomez's complaint, but held that Gomez had sufficiently pleaded claims that defendants forcibly drugged him over his religion-based objections. [ECF No. 1; ECF No. 6, PageID.106]. Judge Hood then referred the matter to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b). [ECF No. 13].

On November 4, 2019, defendants moved for summary judgment based on Gomez's alleged failure to exhaust his administrative remedies. [ECF No. 19].  After Gomez failed to respond by the due date—November 25, 2019—the Court ordered him to respond to the defendants' motion by January 2, 2020 "or to show cause in writing why the complaint should not be dismissed for failure to prosecute under E.D. Mich. LR 41.2." [ECF No. 20, PageID.233].  The Court then warned, "Failure to timely respond may result in dismissal of the case." [*Id.*].  Gomez has neither responded to defendants' motion for summary judgment nor to the order to show cause.

The order to show cause was mailed to the Macomb Correctional Facility that Gomez had listed as his address, but it was returned as undeliverable. [ECF No. 21].  The MDOC website states that Gomez was released on parole on November 19, 2019,[1] but he did not notify the Court of his change of address.  Shortly after Gomez filed his complaint, he was warned of his responsibility under E.D. Mich. LR 11.2 to notify the Court of a change of address and warned that his failure to do so could result in the dismissal of his case.  [ECF No. 5].  Because Gomez failed to comply with Rule 11.2, the Court has no means for communicating with him.

---

[1] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=714409 (Last visited on March 30, 2020).

2

The Court thus **RECOMMENDS** that his complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## II. Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

3

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Gomez has proceeded *pro se*, and is thus held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[*P*]*ro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors weighs in favor of dismissal. With respect to the first factor, Gomez has failed to respond to defendant's motion and failed to provide the Court with an address with which to communicate with him, showing willfulness or fault on Gomez's part. After invoking the processes of this Court, he had an affirmative duty to apprise the Court of his mailing address and to monitor the docket. *Yeschick v.*

4

*Mineta*, 675 F.3d 622, 629 (6th Cir. 2012).  His violation of that duty supports a dismissal for failure to prosecute.  *Id.*

As to the second factor—the prejudice to defendants—they state in their motion for summary judgment that Gomez has failed to exhaust his administrative remedies  The exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides prison officials with the right to resolve administratively disputes concerning the exercise of their responsibilities before being haled into court.  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  Gomez has stymied the Court's ability to address whether defendants are entitled to a dismissal based on Gomez's failure to exhaust administrative remedies.

The third and fourth factors also weigh heavily in favor of dismissal.  As to the third factor, Gomez was warned that his failure to notify the Court of a change of address could result in dismissal of his action.  [ECF No. 5].  And there is no less drastic sanction available because the Court has no means of communicating with Gomez.  Notably, the Court has no obligation to search for Gomez.  "[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."  *Yeschick*, 675 F.3d at 630.  Thus, "dismissal is the only appropriate remedy" because Gomez "has effectively abandoned the case."  *Morley v.*

5

*Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

## III.  Conclusion

For these reasons, the Court **RECOMMENDS** that Gomez's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 2, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
